1

The Honorable _____

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   T-MOBILE WEST LLC and
INDEPENDENT TOWERS HOLDINGS,
10  LLC.,

Civil Action No.:

11

Plaintiffs,

12

v.

13

THE CITY OF MEDINA, WASHINGTON,

14

Defendant.

15

16   **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND EXPEDITED TREATMENT**

17

For its Complaint against Defendant the City of Medina, Washington (the "City"),

18

Plaintiffs T-Mobile West LLC ("T-Mobile") and Independent Towers Holdings, LLC

19

("Independent Towers") (collectively "Plaintiffs"), by their undersigned attorneys, upon

20

knowledge as to their own actions and dealings and upon information and belief as to

21

Defendant and its actions, alleges as follows:

22

23

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

**Nature of the Action**

1       This action arises out of the unlawful denial by the City of Plaintiffs' application to

2 construct and operate a wireless telecommunications facility in the City in a portion of

3 Fairweather Park adjacent to State Route (SR) 520.  A primary purpose of the application is to

4 provide a permanent wireless facility location for Independent Towers' lessee, T-Mobile, to

5 replace T-Mobile's previously authorized wireless telecommunications facility adjacent to

6 Fairweather Park that T-Mobile was forced to relocate due to highway construction.  The City's

7 denial is not supported by substantial evidence contained in a written record and effectively

8 prohibits personal wireless service in the vicinity of the proposed facility.  Accordingly, the

9 City's denial of Plaintiffs' application violates the federal Communications Act, as amended,

10 47 U.S.C. § 332(c)(7) (the "Communications Act" or "Act").  Plaintiffs seek an order from this

11 Court directing the City to grant Plaintiffs' application for the proposed facility in accordance

12 with Plaintiffs' rights under the Communications Act.

13       Plaintiffs request expedited treatment of this complaint pursuant to 47 U.S.C.

14 § 332(c)(7)(b)(v).

**Parties**

15       1.     Plaintiff T-Mobile is a Delaware limited liability company with its principal

16 place of business in Bellevue, Washington.  T-Mobile is a wholly owned subsidiary of T-

17 Mobile USA, Inc., a Delaware corporation with its principal place of business in Bellevue,

18 Washington.  T-Mobile and T-Mobile USA, Inc. are registered to do business in the State of

19 Washington with offices at 12920 SE 38th Street, Bellevue, WA 98006.  T-Mobile is the

20 operating entity for T-Mobile USA, Inc. in the western region of the United States, including

21 the State of Washington.  T-Mobile uses licenses issued by the FCC to T-Mobile USA, Inc.,

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (          ) - 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

1    and held by related entities.  T-Mobile provides personal wireless communications services

2    including voice, data and wireless broadband internet services throughout Washington,

3    including in the City of Medina and surrounding areas in this District, as part of T-Mobile

4    USA, Inc.'s national wireless network.

5         2.     Plaintiff Independent Towers is a Delaware limited liability company with its

6    principal place of business in Latham NY with offices at 11 Herbert Drive Latham, NY 12110.

7    Independent Towers is authorized to do, and is doing, business within the State of Washington.

8    Its registered agent is Groen Stephens & Klinge LLP, 10900 NE 8th St #1325, Bellevue, WA

9    98004.  Independent Towers constructs, owns, and manages wireless telecommunications

10   facilities that are used by national and regional wireless carriers to provide voice, data, and

11   wireless broadband internet services to end-user consumers in Washington, and throughout the

12   country.

13        3.     Defendant the City of Medina is a council-manager governed, non-charter code

14   city existing under the laws of the State of Washington and located in the Western District of

15   Washington.

16                              **Jurisdiction and Venue**

17        4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §

18   1331 because of the existence of federal questions arising under the Communications Act of

19   1934, as amended by the Telecommunications Act of 1996 (the "Communications Act").  The

20   Court has authority to issue declaratory judgment relief pursuant to 28 U.S.C. § 2201(a).

21        5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a

22   substantial part of the events or omissions giving rise to this action occurred in King County in

23   the Western District of Washington.

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

1 <u>Statement of Facts</u>

2 **Federal Statutory Control Of Wireless Siting**

3      6.      The Communications Act governs federal, state and local government regulation

4 of the siting of personal wireless service facilities such as the ones at issue here. 47 U.S.C. §

5 332(c)(7)(B).

6      7.      The Communications Act further provides that any person adversely affected by

7 a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) of the

8 Communications Act may seek review in the federal courts, and that the courts shall hear and

9 decide the action on an expedited basis. 47 U.S.C. § 332(c)(7)(B)(v).

10 **The Wireless Communications Service Industry**

11      8.      T-Mobile provides commercial mobile radio services, personal and advanced

12 wireless services, as well as other telecommunications services, as those terms are defined

13 under federal law, in the State of Washington, including in the City.

14      9.      T-Mobile is seeking to facilitate the maintenance and development of a wireless

15 telecommunications network in keeping with the goals of the Communications Act. T-Mobile,

16 as the operating entity for T-Mobile USA, Inc. uses licenses issued by the FCC pursuant to 47

17 U.S.C. § 151 to provide wireless service in the City.

18      10.      Independent Towers constructs, owns, and manages wireless communications

19 facilities in Washington and elsewhere in the country. Independent Towers leases space on its

20 facilities to national and regional wireless carriers who provide personal and advanced wireless

21 services, as well as other telecommunications services, as those terms are defined under federal

22 law, to end-user wireless consumers. In providing this valuable service to wireless carriers,

23

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (            ) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1   Independent Towers is facilitating the development and deployment of advanced wireless and

2   broadband connectivity consistent with the goals of the Communications Act.

3         11.    Section 151 of the Communications Act establishes a national policy to "make

4   available, so far as possible, to all people of the United States, without discrimination . . . a

5   rapid, efficient, Nation-wide, and world-wide wire and radio communication service with

6   adequate facilities at reasonable charges, for the purpose of national defense, [and] for the

7   purpose of promoting safety of life and property through the use of wire and radio

8   communications." 47 U.S.C. §151.

9         12.    To meet these policy goals, T-Mobile seeks to provide myriad wireless services

10   to local businesses, public safety entities and the general public.

11         13.    Moreover, to advance the national policies enumerated under 47 U.S.C. § 151

12   and repeatedly reiterated by the FCC, Independent Towers constructs towers and other wireless

13   facilities that allow wireless carriers, such as T-Mobile, to create and maintain a network of

14   digital "cell sites," each of which consists of antennas and related electronic communications

15   equipment designed to send and receive radio signals.

16         14.    To provide reliable service to a user, coverage from cell cites must overlap in a

17   grid pattern resembling a honeycomb.  If Independent Towers is unable to construct a cell site

18   within a specific geographic area, the wireless carriers it serves, including T-Mobile in this

19   case, will not be able to provide service to the consumers within that area.

20         15.    To determine where a new wireless facility is required, radio frequency engineers

21   use various techniques, such as sophisticated computer programs and field testing, to complete

22   a propagation study, which shows where cell sites need to be located in order to provide

23   service.  The propagation study also takes into account the topography of the land, the coverage

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (           ) - 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

1   boundaries of neighboring cell sites and other factors.  For a wireless network to perform, cell

2   sites must be located, constructed and operated so that reliable service can be achieved.  If there

3   is no functioning cell site within a given area, there will be no service for customers within that

4   area, and customers who live or travel in the area will experience an unacceptable level of

5   dropped calls and call connection failures.

**The Proposed Facility & Application Process**

7   16.   In October 2002, T-Mobile, which was then known as VoiceStream, sought and

8   received a permit for a wireless facility adjacent to the southwest corner of Fairweather Park on

9   the north side of SR 520 next to the Evergreen Point Road overpass.  The site was located in

10   the SR-520 highway right of way.

11   17.   Pursuant to that permit, in 2005, T-Mobile constructed its wireless facility on a

12   55 foot tower.  That facility was designed to provide outdoor and in-vehicle personal wireless

13   service in the surrounding residential areas to the north and south of SR 520 and to people

14   travelling along SR-520, including on the Evergreen Point Floating Bridge.

15   18.   In 2011, the Washington State Department of Transportation forced T-Mobile to

16   remove that permitted facility to accommodate new highway improvements at the SR-520

17   Evergreen Point Road overpass.

18   19.   Thus, T-Mobile reluctantly relocated their antennas and equipment to a

19   temporary pole on the south side of SR-520 in the state highway right of way adjacent to

20   Evergreen Point Road, to accommodate the highway construction.

21   20.   Subsequently, in 2012, Independent Towers and T-Mobile sought a temporary

22   use permit for a second T-Mobile temporary replacement facility.  This second temporary site

23

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (          ) - 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

1  was located back on the north side of SR-520 in Fairweather Park, approximately 108 feet from

2  the originally permitted facility site.

3      21.    The City has been involved in the relocation process and the approval of the two

4  temporary facilities as well as the permit process for the proposed permanent relocation facility.

5      22.    The facility at issue in this case is proposed to be an 80 foot stealth tower

6  designed as a light pole, with all antennas and cables concealed within the structure, located in

7  Fairweather Park on the north side of SR-520, adjacent to the SR-520 right of way (the

8  "Proposed Facility"). The Proposed Facility would be located only 158 feet from the site of the

9  originally permitted permanent site, which site has now been built over by WSDOT.

10      23.    The Proposed Facility serves at least two significant purposes.  First, the current

11  temporary facility has expired and if the Proposed Facility is denied, T-Mobile will lose all

12  coverage and service from this area.  Second, due to changes beyond T-Mobile's control, even

13  the original 55 foot T-Mobile facility leaves a current significant gap in service.  The Proposed

14  Facility must both replace coverage provided by the originally-permitted T-Mobile wireless

15  facility and provide additional coverage to cure the significant gap that now exists even if the

16  original coverage were reinstated.

17      24.    When the original use permit was granted in 2002, the site was necessary to

18  resolve a significant gap in wireless service by providing outdoor and in-vehicle coverage to

19  the residential areas immediately to the north and south of SR-520 and to cars travelling on SR-

20  520 and the Evergreen Bridge.

21      25.    Since 2002, the trees in the area the original site was designed to serve have

22  grown, causing a decrease in coverage the original 55 foot tower could provide due to

23  additional attenuation of the signal strength by the tree cover.

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (               ) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

26.     The trees in the area around Fairweather Park are in excess of 80 feet.

27.     In addition, since 2002, consumer demand for, and dependence on, wireless service has skyrocketed.  *See, e.g., Riley v. California*, Nos. 13-132, 13-212, 2014 WL 2864483, at *9 (U.S. June 25, 2014) (noting that modern cell phones "are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude that they were an important feature of human anatomy"); *Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Policies*, Notice of Proposed Rulemaking, 28 FCC Rcd. 14238, ¶ 2 (2013).  For many Americans, wireless devices have become an indispensable replacement for traditional landline telephones.  *See* Centers for Disease Control, Wireless Substitution: Early Release of Estimates from the National Health Interview Survey, July – December 2013 at 1 (Rel. July 2014) (reporting that 41% of all households have eliminated wireline telephone service and now rely solely on wireless service).  Even when Americans maintain both types of telephone service, Americans are opting increasingly to use wireless devices over their landline telephones.

28.     As a result, while outdoor and in-vehicle coverage may have been sufficient in 2002, today consumers demand that wireless providers like T-Mobile offer reliable service in their homes and workplaces.  If T-Mobile cannot provide signal strength coverage and sufficient capacity to provide service inside homes, it is effectively not providing service from the perspective of consumers.

29.     Based upon research and analysis by radio frequency engineers, T-Mobile determined that even were the original VoiceStream facility still in place, T-Mobile would have a significant gap in its ability to provide reliable in building service in the residential areas to the north and south of SR-520 in the Evergreen Point area and in-vehicle coverage on the

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

Evergreen Point Floating Bridge, due to the growth in tree heights since 2002 and the technical and consumer demand changes that have occurred in the ensuing years .

30.     The average daily traffic across the SR-520 floating bridge is 62,223 vehicles per day.

31.     Moreover, unless the Proposed Facility is approved, thereby replacing the originally permitted and temporary T-Mobile facilities, T-Mobile will lose the coverage it has provided to consumers for the past ten years in the Evergreen Point area and to travelers on SR-520 – coverage that, in 2002, the City deemed necessary when it granted the original permit.

32.     Thus, the denial of the Proposed Facility not only prohibits T-Mobile from filling a significant gap in its existing service, but increases that gap by eliminating coverage that has been provided for the past ten years.

33.     There are no existing structures on which T-Mobile could install a wireless facility that would remedy this significant gap in coverage.

34.     Under the City's Code limitations there are no other locations in the City that would allow a tower of 80' to be constructed to remedy this significant gap in T-Mobile's coverage.

35.     The Medina City Council tentatively approved a lease with Independent Towers at their March 14, 2011 regular meeting, to rent the portion of Fairweather Park that will be used for the construction, occupation and maintenance of the Proposed Facility.

36.     After further City Council consideration at their June 13, 2011 regular meeting, the City manager signed the lease agreement with Independent Towers.

37.     On September 25, 2013, Independent Towers submitted an application for a Special Use Permit and for two variances (one from the City's 500 foot setback from

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1   residential property lines and one from the City's undergrounding requirement) necessary for

2   approval of the Proposed Facility (the "Application").

3       38.     Revisions to the Application were submitted by Independent Towers on January

4   29, 2014 and April 20, 2014.

5       39.     Pursuant to City Code 20.80.100(F), on April 21, 2014 the City determined that

6   the Application was complete.

7       40.     Pursuant to the Medina City Code Section 20.37.060(A), wireless facilities are

8   permitted in Fairweather Park as long as they are in non-forested areas and adjacent to the state

9   highway right of way.

10      41.     Medina City Code Section 20.37.070(B)(3) allows a wireless facility to be 80

11  feet tall if four criteria are met: (1) if it is in accordance Code Section 20.37.060(A); (2) the

12  height is the minimum necessary to avoid a significant gap in coverage on the SR-520 floating

13  bridge; (3) the height supports future co-location on the support structure pursuant to Code

14  section 20.37.110; and (4) all other applicable provisions of the wireless chapter of the City

15  Code are followed.

16      42.     On July 9, 2014, the City's Staff issued their report recommending approval of

17  the Proposed Facility and concluding that the Application met all necessary requirements of the

18  City's Code.

19      43.     Among other things, the City Staff's report concluded that with conditions

20  recommended by the City Staff: the Proposed Facility qualifies as a permitted location under

21  Code Section 20.37.060(A); the Proposed Facility meets the criteria set forth in Code Section

22  20.37.070(B)(3); the Proposed Facility meets the criteria required to demonstrate a need for the

23  facility set forth in City Code Section 20.37.140(C)(1); the Proposed Facility complies with the

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

least intrusive design requirement of City Code Section 20.37.140(B)(2); the Proposed Facility will comply with the goals and policies set forth in the City's comprehensive plan; the Proposed Facility has been designed to minimize adverse effects on neighboring properties; the Proposed Facility is consistent with applicable special use provisions of the City Code; the Proposed Facility is consistent with all applicable zoning and development standards; the Proposed Facility will not have a materially detrimental effect on neighboring properties.

44.     Hearing on the Application was held before the Hearing Examiner for the City of Medina on July 16, 2014.

45.     At the July 16th hearing Independent Towers presented documentary and testimonial evidence demonstrating the need for the Proposed Facility.

46.     At the July 16th hearing Independent Towers presented documentary and testimonial evidence demonstrating that the Proposed Facility was designed to be the least intrusive on the surrounding environment.

47.     At the July 16th hearing Independent Towers presented substantial documentary and testimonial evidence demonstrating that it complied with all the requirements of the City Code.

48.     The opposition to the Proposed Facility alleged that the Plaintiffs and the City Staff were wrong and that there was no need for the facility.

49.     Among other things, that opposition failed to account for the loss in coverage that will result from the denial of the Proposed Facility and the removal of the existing temporary facility.

50.     At the close of the hearing, the Hearing Examiner indicated that he would review the record materials and issue a written decision.

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

51.     On August 25, 2014, the City of Medina issued the Hearing Examiner's written decision denying the Application for the Proposed Facility.

52.     The City's denial based upon the Hearing Examiner's decision is not supported by substantial evidence contained in the written record.

53.     The Hearing Examiner's decision ignored material evidence in the record regarding the need for the Proposed Facility.

54.     On September 8, 2014, Plaintiffs sought reconsideration of the City's denial based, in part, on erroneous findings made by the Hearing Examiner.  On September 15, 2014, the opponents of the proposal moved to dismiss Plaintiffs' reconsideration request, claiming that the date of issuance of the denial decision was August 21, 2014, and that the reconsideration request was untimely.

55.     On September 17, 2014, a hearing was held on Plaintiffs' motion for reconsideration and on the motion to dismiss, subject to the acceptance of further briefing on the motions.  As of the filing of this Complaint, no determination on either motion has been made.  Nevertheless, out of an abundance of caution that the Hearing Examiner's denial decision is determined to be the final decision of the City, Plaintiffs have filed this action.

56.     Pursuant to 47 U.S.C. § 332(c)(7)(B)(v), "Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis."

57.     This action is timely filed.

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

## COUNT I
### (Violation of 47 U.S.C. § 332(c)(7)(B)(iii) - Substantial Evidence)

58.     Plaintiffs incorporate by reference and reallege the foregoing factual allegations in paragraphs 1 through 57 as if fully set forth herein.

59.     Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii), "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

60.     The Application with respect to the Proposed Facility satisfied all of the criteria set forth in the City's Code to install a wireless communications facility in the proposed location.

61.     The City's Zoning Staff recommended approval of the Application with respect to the Proposed Facility.

62.     At the July 16, 2014 hearing Plaintiffs presented evidence regarding the need for the Proposed Facility and that the Proposed Facility complied with all City requirements.

63.     In his written decision, the City's Hearing Examiner disregarded the recommendations of the City's staff and the record evidence and denied the Application for the Proposed Facility.

64.     The City's denial ignores material record evidence and misstates material facts, and is not supported by substantial evidence contained in the written record.

65.     Consequently, the City's action is in violation of, and preempted by, Section 332(c)(7)(B)(iii) of the Communications Act, and should be set aside and enjoined by the Court

COMPLAINT FOR DECLARATORY &
INJUNCTION RELIEF (                    ) - 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632

on that basis.  Further, this Court should exercise its power to issue an order directing the City

to approve the Application for the Proposed Facility.

## COUNT II
### (Violation of 47 U.S.C. § 332(c)(7)(b)(i)(II) – Effective Prohibition)

66.     Plaintiffs incorporate by reference and reallege the foregoing factual allegations

in paragraphs 1 through 65 as if fully set forth herein.

67.     Pursuant to 47 U.S.C. § 332(c)(7)(b)(i)(II), "The regulation of the placement,

construction, and modification of personal wireless service facilities by any State or local

government of instrumentality thereof ... shall not prohibit or have the effect of prohibiting the

provision of personal wireless services."  47 U.S.C. § 332(c)(7)(B)(i)(II).

68.     Plaintiffs' have demonstrated that without the proposed facility T-Mobile will

have a significant gap in its personal wireless service coverage in the City of Medina, and on

SR-520 and the Evergreen Floating Bridge.

69.     There is no existing structure in or near the vicinity of the Proposed Facility that

is both reasonably available and technologically feasible to remedy the significant gaps in

personal wireless service in the area.

70.     The Proposed Facility is the least intrusive means to remedy that significant gap

and replace the previously permitted wireless facility.

71.     The City's denial of the Application effectively prohibits T-Mobile from

providing reliable wireless service.

72.     Consequently, the City's denial of the Application is in violation of, and

preempted by, Section 332(c)(7)(b)(i)(II) of the Communications Act, and should be set aside

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1    and enjoined by the Court on that basis.  Further, this Court should exercise its power to issue

2    an order directing the City to approve the Application for the Proposed Facility.

3        **WHEREFORE**, Plaintiffs demand judgment against the City as follows:

4        1.      An expedited review of the matters set forth in this Complaint pursuant to 47

5    U.S.C. § 332(c)(7)(B)(v);

6        2.      An injunction ordering that the City grant the Application and thereby approve

7    the Proposed Facility;

8        3.      An injunction directing the City to issue all ancillary approvals and permits

9    necessary for the construction of the Proposed Facility;

10       4.      A judgment that the City's actions and decisions violated the Communications

11   Act and are therefore void and invalid;

12       5.      An award of Plaintiffs' costs, including reasonable attorneys' fees; and

13       7.      Such other and further relief as the Court may deem just and proper.

14   Dated: September 22, 2014                    Respectfully submitted,

15

16                                               /s/ Linda Atkins
                                                 Linda Atkins, WSBA #17955
17                                               DAVIS WRIGHT TREMAINE LLP
                                                 WSBA #17955
18                                               777 108th Avenue NE, Suite 2300
                                                 Bellevue, WA 98004
19                                               425-646-6115 – phone
                                                 425-646-6199 – fax
20
                                                 *Pro Hac Vice forthcoming*
21                                               T. Scott Thompson
                                                 Daniel P. Reing
22                                               DAVIS WRIGHT TREMAINE LLP
                                                 1919 Pennsylvania Ave. NW, Suite 800
23                                               Washington D.C. 20006
                                                 202-973-4200 – phone

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (            ) - 15

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1    202-973-4499 – fax
     Email: ScottThompson@dwt.com
2    Email: DanielReing@dwt.com

3    *Counsel for Plaintiffs T-Mobile West LLC*

4

5     /s/ Richard M. Stephens
     Richard M. Stephens, WSBA #21776
6    GROEN STEPHENS & KLINGE LLP
     10900 NE 8th Street, Suite 1325
7    Bellevue, WA 98004
     (425) 453-6206 –phone
8    (425) 453-6224 – fax
     Email: stephens@GSKLegal.pro
9
     *Counsel for Plaintiff Independent Towers*
10   *Holdings, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF (                    ) - 16

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 24866428v2 0048172-000632