The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE WEST, LLC and INDEPENDENT TOWERS HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MEDINA, WASHINGTON,<br><br>Defendant. | Civil Action No.: C14-1455RSL<br><br>MEDINA RESIDENTS' MOTION TO INTERVENE<br><br>NOTE ON MOTION CALENDAR: 12/12/14 |

Pursuant to Rule 24(a) and (b) of the Federal Rule of Civil Procedure, Medina Residents, an unincorporated association; Cynthia F. Adkins and John F. Harris, a married couple; Kanan and Bhavnish Lathia, a married couple; Eric and Sarah Oeltjen, a married couple; Laurel and Steve Preston, a married couple; Brett and Jenny Duncan, a married couple; and RespectMedina, a Washington nonprofit organization (collectively, "Medina Residents"), respectfully move to intervene as an Intervenor-Defendant in the above-captioned matter.

Plaintiffs T-Mobile West, LLC and Independent Towers Holdings, LLC (collectively, "Plaintiffs") challenge the decision by the Defendant City of Medina ("City") denying an application for a special use permit and variances to construct a permanent 80-foot cell tower and

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 1 of 10

McCullough Hill Leary, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

1,500 square foot accessory building ("Proposed Tower") in the City's Fairweather Park and Nature Preserve pursuant to the federal Communications Act, 47 U.S.C. § 332 ("Act").

Medina Residents is an unincorporated association of individuals who live and own property directly adjacent to and overlooking the Proposed Tower in the City's Fairweather Park and Nature Preserve. Both Medina Residents, through counsel, and the above-named individuals all participated in the City's review of the Plaintiff's application for the Proposed Tower before the City's Hearing Examiner. As the owners of the directly adjacent properties, Medina Residents' use and enjoyment of their properties will be significantly affected by the presence of the Proposed Tower, if approved. Specifically, Medina Residents will suffer adverse impacts to aesthetics, views and property values as well as the loss of public space for both active and passive recreation and enjoyment and non-radiation health and safety concerns. Accordingly, Medina Residents seek to intervene to protect these unique interests, which will not be adequately represented without their involvement. Medina Residents' Proposed Answer and a Proposed Order granting Medina Residents' intervention are attached.

Counsel for Medina Residents conferred with counsel for the Plaintiffs and the City. Counsel for the City informs Medina Residents that the City takes no position on the motion. Counsel for the Plaintiffs has not responded with a position on Medina Residents' motion.

**BACKGROUND**

Medina Residents is an unincorporated association of individuals who live and own property directly adjacent to and overlooking the Proposed Tower in the City's Fairweather Park and Nature Preserve. Medina Residents participated in the City's open record hearing before the Hearing Examiner. First Amended Complaint, ¶¶ 53-54. Additionally, Medina Residents opposed Plaintiffs' request for reconsideration before the Hearing Examiner. *Id.*, ¶¶ 58-59.

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 2 of 10

McCULLOUGH HILL LEARY, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

Ms. Adkins owns the property directly adjacent to Fairweather Park and Nature Preserve at 3204 Evergreen Point Road, Medina, Washington 98039 ("Adkins Property"). Declaration of Cynthia F. Adkins ("Adkins Declaration"), ¶ 2. The Proposed Tower is 169 feet from the Adkins Property. *Id.*, ¶ 5. The Proposed Tower is located directly in her viewshed. *Id.* The Proposed Tower would negatively impact their use and enjoyment of their property, including her family's use of Fairweather Park and Nature Preserve for, among others uses, recreation, birdwatching and quiet contemplation. *Id.*, ¶¶ 6, 9.

Both Ms. Adkins and Mr. Harris are members of Medina Residents. *Id.* ¶ 3. Both participated individually and through Medina Residents' counsel in the City's review of the Plaintiffs' application. *Id.,* ¶ 8-10. Additionally, Ms. Adkins is a co-founder and the President of RespectMedina, a Washington nonprofit organization dedicated to the preservation and enhancement of the City's neighborhood parks and natural areas. *Id.* ¶ 3. Mr. Harris is also a co-founder and the Vice-President of RespectMedina. *Id.*

Mr. Lathia owns the property directly adjacent to Fairweather Park and Nature Preserve at 7620 NE 32nd Street in Medina, Washington 98039 ("Lathia Property"). Declaration of Bhavnish Lathia ("Lathia Declaration"). The Proposed Tower is roughly 176 feet from the Lathia Property. *Id.,* ¶ 2. Mr. Lathia and his wife specifically constructed their "dream house" in 2013 to take advantage of the views of Fairweather Park and Nature Preserve. *Id.,* ¶ 4. The Proposed Tower is located directly in the viewshed of the Lathia Property. *Id.,* ¶ 5. The Proposed Tower would negatively impact their use and enjoyment of the Lathia Property. *Id.* Mr. Lathia is a member of Medina Residents and participated individually and through Medina Residents' counsel in the City's review of the Plaintiff's application. *Id.,* ¶ 7. Specifically, Mr. Lathia raised concerns regarding the non-radiation safety concerns of the Proposed Tower being

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 3 of 10

McCULLOUGH HILL LEARY, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

located in the park used frequently by his children for recreation as well as view and property value impacts. *Id.,* ¶ 7-9.

Applicant intervenor-defendants Oetljean, Preston and Duncan all own or have homes on property within 169-250 feet of the Proposed Tower and are members of Medina Residents. Each participated in the City's review of Plaintiff's application individually and through Medina Residents' counsel. *See e.g.,* First Amended Complaint, ¶ 53-54.

RespectMedina, a Washington nonprofit organization, is dedicated to the preservation of Medina's neighborhood parks and natural areas and promotes smart and respectful wireless solutions. Adkins Declaration, ¶ 3. Throughout the City's land use review of the Proposed Tower, RespectMedina was responsible for raising citizen awareness of the negative effects of the Proposed Tower though online and traditional grassroots advocacy. *Id.,* ¶ 14. RespectMedina forwarded several comments from concerned residents to the City and has sought to engage both the City and T-Mobile in discussions regarding the Proposed Tower. *Id.*

## MEMORANDUM IN SUPPORT

### I. **MEDINA RESIDENTS ARE ENTITLED TO INTERVENE AS OF RIGHT.**

Under Rule 24(a)(2), an applicant has the right to intervene if: (1) the motion is timely; (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks and citations omitted).

Although the party seeking to intervene bears the burden of showing those four Rule 24(a) elements are met, "the requirements for intervention are broadly interpreted in favor of

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 4 of 10

McCullough Hill Leary, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

intervention." *Id*. When ruling on a motion to intervene, the courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotes omitted). Medina Residents' motion satisfies the Rule 24(a) criteria and its motion to intervene should be granted.

### A. Medina Residents' Motion to Intervene is Timely.

To assess timeliness, the court shall look to three factors: (1) the stage of litigation; (2) prejudice to other parties; and (3) the reason for and length of any delay. *San Jose Mercury News, Inc. v. U.S. District Court – Northern District (San Jose),* 187 F.3d 1096, 1101 (9th Cir. 1999). Plaintiffs filed their Complaint on September 22, 2014. In their original Complaint, however, Plaintiffs conceded that no final determination on the Hearing Examiner's reconsideration request – the City's final action – had been rendered as of the date of filing. Complaint, ¶ 55. The Hearing Examiner's Decision on Request for Reconsideration was ordered by the Examiner on October 10, 2014 and received by the City on October 13, 2014. First Amended Complaint, ¶ 60. The Plaintiffs filed their First Amended Complaint on November 12, 2014. To date, the City has not filed its Answer and no discovery has been conducted. The Court has not issued any substantive orders. There has been no delay or prejudice to opposing parties. Because Medina Residents' proposed motion has been filed at the very outset of the case after the City's final action was issued, and before any substantive activity has occurred, it is therefore timely.

\\\

\\\

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 5 of 10

McCULLOUGH HILL LEARY, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

**B. Medina Residents' Possess a Cognizable Interest, and that Interest May Be Impaired or Impeded as a Result of this Proceeding.**

Medina Residents' members own property next to the proposed 80-foot tower and regularly use and enjoy the Fairweather Park and Nature Preserve. Adkins Declaration, ¶ 2; Lathia Declaration, ¶ 2. An 80-foot tall tower would be highly visible from their properties. As neighboring landowners, a decision that would permit Plaintiffs to install and operate the Proposed Tower would greatly harm the interests of the Medina Residents. In similar situations under the Act, courts have found that adjacent neighbors have a clear interest to intervene in the proceedings. *See Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson*, 311 F.Supp.2d 142, 150 (D. Mass. 2004) (granting neighbor's motion to intervene in a challenge under the Act because the neighbors "have concerns about the safety of the proposed [cell] tower (if it falls, it might land on their property), its aesthetics, and its effect on the value of their own property. Abutter interest in the use of a property is well-settled."). Medina Residents raise similar concerns; Medina Residents have significant interests in opposing the Proposed Tower.

Moreover, the Ninth Circuit traditionally favors intervention in situations where public advocates have supported a measure and therefore have a "significant protectable interest" in defending the legality of a measure. *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983). Medina Residents, through counsel, participated at every level opposing Plaintiffs' application for a special use permit and variances, including the hearing before the Hearing Examiner, which rejected Plaintiffs' application, and the subsequent motion for reconsideration. There can accordingly be no serious dispute that Medina Residents have a protectable interest in the outcome of the proceeding which may be impaired with an adverse decision under the Act.

\\\

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 6 of 10

McCULLOUGH HILL LEARY, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

### C. Medina Residents' Interests Are Not Adequately Represented by the City.

Lastly, Medina Residents' interests are not adequately represented by the City. The burden on a proposed intervenor is "minimal," and is satisfied if the applicant can demonstrate that "representation of [its] interests may be inadequate." *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). The Ninth Circuit considers several factors in assessing whether a present party will adequately represent an intervenor-applicant's interests, including "whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion*, 713 F.2d at 528.

While there is "an assumption of adequacy when the government is acting on behalf of a constituency that it represents," granting an applicant's motion to intervene is appropriate upon a compelling showing that the government's interests may diverge from that of intervenor-applicant. *Id.* For instance, in *Sagebrush Rebellion*, the Court granted a public interest group's motion to intervene because it established that the defendant, the Secretary of Interior, may not adequately represent the group's interest because the Secretary was previously the head of the foundation representing the plaintiff. *Id.* Here, Defendant City has executed a lease with Independent Towers to operate the Proposed Tower for up to 20 years. The lease is contingent on Plaintiff's ability to obtain all relevant permits, including the special use permit and variances rejected by the Hearing Examiner. Complaint, ¶ 35; Declaration of Ian S. Morrison, Ex. A, Section 2(e). If Plaintiffs fail to obtain all necessary permits and approvals to construct the Proposed Tower, the City will lose a minimum of $30,000 in annual revenue. Morrison Dec., Ex. A, Section 5(a). The City, therefore, has a potential conflict between its regulatory and proprietary interests. A vigorous defense of the Code will result in lost revenue to the City. The

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 7 of 10

McCullough Hill Leary, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

specter of lost revenue may dampen the City's willingness to assert all available defenses. As the adjacent property owners who will be directly impacted by the permanent installation and operation of an 80-foot cell tower for the next two decades, Medina Residents' interests are different than the City's potentially divergent regulatory and proprietary interests in this matter.

Additionally, Plaintiffs allege the City violated the Act's "effective prohibition" provisions. Complaint, ¶¶ 66-72. Under *T-Mobile, LLC v. City of Anacortes,* 572 F.3d 987, 995 (9th Cir. 2009), Plaintiffs bear the burden of: "(1) the showing of a 'significant gap' in service coverage and (2) some inquiry into the feasibility of alternative facilities or site locations." Medina Residents participated significantly in the analysis of the alleged "significant gaps" and feasibility of alternative facilities and site locations, including facilitating the evaluation of feasible alternative locations for wireless communication facilities with other state and local government entities. Adkins Declaration, ¶¶ 12-13. That perspective, which is not wholly reflected in the City's staff report, will be directly pertinent to the Court's analysis of the administrative record in relation to the Plaintiffs' alleged "effective prohibition" claim. Thus, Medina Residents offers a critical perspective in these proceedings that could be lost without their intervention.

Because Medina Residents have filed a timely motion and demonstrated a protectable interest in this litigation that would not be protected by any existing parties to this litigation, this Court should allow Medina Residents to intervene under Rule 24(a) to defend the decision.

## II. **MEDINA RESIDENTS MEET THE RULE 24(b) INTERVENTION STANDARD.**

Even if the Court were to conclude that intervention as of right was inappropriate, Medina Residents request that the Court grant the motion because it meets the standard for permissive intervention. Rule 24(b) allows for permissive intervention on a timely motion when

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 8 of 10

McCULLOUGH HILL LEARY, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

"an applicant's claim or defense and the main action have a question of law or fact in common," and the Court, in its discretion, determines that "the intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Medina Residents' motion satisfies these criteria.

First, Medina Residents' motion is timely because it has been filed before any substantive filings in this case. The City has not submitted its answer and discovery has not commenced. Medina Residents are prepared to comply with any of the Court's scheduling requirements, and to participate in this litigation in a manner that does not impede progress of the case or prejudice any other party to this matter.

Moreover, Medina Residents bring a unique perspective to the matter and are intimately familiar with the record before this Court, and its defense of this suit will accordingly raise questions of law or fact that are in common with those raised in the Complaint. Medina Residents, through counsel, played a significant role in the proceedings before the Hearing Examiner, and there is certainly no prejudice in allowing the same parties to participate in this this case. Therefore, Medina Residents meet the standards for permissive intervention under Rule 24(b) and its motion should be granted.

## CONCLUSION

For these reasons, Medina Residents respectfully request that the Court grant its motion to intervene as of right pursuant to Rule 24(a), or in the alternative, permissively pursuant to Rule 24(b).

\\\

\\\

\\\

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 9 of 10

McCullough Hill Leary, P.S.
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

Dated this 24th day of November, 2014.

                                            Respectfully submitted,

                                            s/G. Richard Hill  
                                            WSBA # 8806  
                                            McCULLOUGH HILL LEARY PS  
                                            701 Fifth Avenue, Suite 6600  
                                            Seattle, WA 98104  
                                            Tel: 206-812-3388  
                                            Fax: 206-812-3389  
                                            Email: rich@mhseattle.com  
                                            Attorney for Applicant Intervenor-Defendants

                                            s/Ian S. Morrison  
                                            WSBA #45384  
                                            McCULLOUGH HILL LEARY PS  
                                            701 Fifth Avenue, Suite 6600  
                                            Seattle, WA 98104  
                                            Tel: 206-812-3388  
                                            Fax: 206-812-3389  
                                            Email: imorrison@mhseattle.com  
                                            Attorney for Applicant Intervenor-Defendants

MEDINA RESIDENTS' MOTION TO INTERVENE - Page 10 of 10

McCULLOUGH HILL LEARY, P.S.  
701 Fifth Avenue, Suite 6600  
Seattle, WA 98104  
206.812.3388  
206.812.3389 fax

# CERTIFICATE OF SERVICE

I, LAURA COUNLEY, declares as follows:

I am an employee of McCullough Hill Leary, P.S. and I am competent to be a witness herein.

On, November 24, 2014, I caused a true copy of the foregoing documents entitled *Medina Residents' Motion to Intervene, (Proposed) Order Granting Motion to Intervene, (Proposed) Answer of Medina Residents, Declaration of Cynthia F. Adkins, Declaration of Bhavnish Lathia*, and *Declaration of Ian S. Morrison* to be served on the following persons via the following means:

| Recipient | Method |
|---|---|
| Linda Gayle White Atkins<br>Davis Wright Tremaine, LLP<br>777 108th Ave NE, Suite 2300<br>Bellevue, WA 98004<br>*Attorney for Plaintiff T-Mobile West, LLC* | [ ] Hand Delivery via Legal Messenger<br>[X] First Class U.S. Mail<br>[ ] Federal Express Overnight<br>[X] Electronic Mail:<br>lindaatkins@dwt.com |
| T. Scott Thompson<br>Daniel P. Reing<br>Davis Wright Tremaine, LLP<br>1919 Pennsylvania Ave NW, Suite 800<br>Washington, DC 20006<br>*Attorneys for Plaintiff T-Mobile West, LLC* | [ ] Hand Delivery via Legal Messenger<br>[X] First Class U.S. Mail<br>[ ] Federal Express Overnight<br>[X] Electronic Mail:<br>scottthompson@dwt.com<br>danielreing@dwt.com |
| Richard M. Stephens<br>Groen Stephens & Klinge, LLP<br>10900 NE 8th Street, Suite 1325<br>Bellevue, WA 98004<br>*Attorneys for Plaintiff Independent Towers Holdings, LLC* | [ ] Hand Delivery via Legal Messenger<br>[X] First Class U.S. Mail<br>[ ] Federal Express Overnight<br>[X] Electronic Mail:<br>stephens@GSKLegal.com |
| Christopher D. Bacha<br>Kenyon Disend, PLLC<br>11 Front Street S.<br>Issaquah, WA 98027-3802<br>*Attorneys for Defendant City of Medina* | [ ] Hand Delivery via Legal Messenger<br>[X] First Class U.S. Mail<br>[ ] Federal Express Overnight<br>[X] Electronic Mail:<br>chris@kenyondisend.com |

CERTIFICATE OF SERVICE
No. 2:14-CV-00218-JLR                Page 1 of 2
L:\ADKINS, CINDY AND HARRIS, JOHN\FEDERAL LITIGATION\CERTIFICATE OF SERVICE 11.21.14.DOC

McCULLOUGH HILL LEARY, PS
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this 24th day of November, 2014, at Seattle, Washington.

                                     s/LAURA COUNLEY
                                     Paralegal
                                     McCULLOUGH HILL LEARY, PS
                                     701 Fifth Avenue, Suite 6600
                                     Seattle, WA 98104
                                     Tel: 206-812-3388
                                     Fax: 206-812-3389
                                     Email: laura@mhseattle.com

CERTIFICATE OF SERVICE
No. 2:14-CV-00218-JLR      Page 2 of 2
L:\ADKINS, CINDY AND HARRIS, JOHN\FEDERAL LITIGATION\CERTIFICATE OF SERVICE 11.21.14.DOC

McCULLOUGH HILL LEARY, PS
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
206.812.3388
206.812.3389 fax