The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE WEST LLC and INDEPENDENT TOWERS HOLDINGS, LLC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF MEDINA, WASHINGTON,<br><br>Defendant. | Civil Action No.: C14-1455RSL<br><br>PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE |

Plaintiffs T-Mobile West LLC ("T-Mobile") and Independent Towers Holdings, LLC ("Independent Towers") (collectively "Plaintiffs") hereby oppose the Motion to Intervene filed by Medina Residents, an unincorporated association; Cynthia F. Adkins and John F. Harris, a married couple; Kanan and Bhavnish Lathia, a married couple; Eric and Sarah Oeltjen, a married couple; Laurel and Steve Preston, a married couple; Brett and Jenny Duncan, a married couple; and RespectMedina, a Washington nonprofit organization (collectively, the "Objectors").

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

## I. INTRODUCTION

This case involves the City of Medina's (the "City") unlawful denial of an application to construct a personal wireless service facility in the Fairweather Park and Nature Preserve in the City. Specifically, it involves Plaintiffs' effort to install a new wireless tower as a permanent replacement for an over 10-year old, 55 foot tower that had been maintained by T-Mobile only 158 feet from the site of the proposed tower (or little more than the distance across a baseball diamond). T-Mobile was forced to relocate, and operate from temporary towers in the interim, due to the Washington Department of Transportation ("WSDOT") SR 520 Evergreen Point Bridge replacement project. The proposed permanent tower is in the one place in the City where a tower over 35 feet tall is permitted – in Fairweather Park.

Objectors had their opportunity to participate in the application proceeding and did so. They were successful in pressuring the City's hearing examiner to deny the application. They got what they wanted. Under federal law, they have no further role and no further cognizable interest. Congress enacted Section 332(c)(7) of the federal Communications Act to limit the authority of local governments to deny wireless facility applications precisely to prevent political, parochial, "NIMBY" ("not in my backyard") interests from thwarting the greater public interest in deployment of new wireless networks and services. The sole issues before this Court concern whether the City's denial violated Plaintiffs' rights under federal law. If the City's denial violated federal law, then federal law preempts any of the interests that Objectors assert. Moreover, there is no indication that the City will fail to vigorously defend Plaintiffs' claims. Rather, Objectors' proposed intervention threatens merely to confuse, complicate, and delay the proceeding through their continued attempt to press the positions that they were

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

already allowed to enter into the administrative record. Accordingly, they are not entitled to intervention, and their motion should be denied.

In considering the Objectors' Motion to Intervene, it is important to understand the nature of Plaintiffs' two causes of action. Specifically, Plaintiffs assert two causes of action: that the City's denial of the proposed wireless facility (1) is not supported by substantial evidence contained in the written administrative record, in violation of 47 U.S.C. § 332(c)(7)(iii) (the "substantial evidence" claim), and (2) will effectively prohibit T-Mobile from providing personal wireless service in the vicinity of the proposed facility, in violation of 47 U.S.C. § 332(c)(7)(i)(II) (the "effective prohibition" claim). The only legal issue before the Court on Plaintiffs' "substantial evidence" claim is whether the reasons for denial identified in the City's denial are supported by substantial evidence in the administrative record. Accordingly, Plaintiffs' first cause of action is not susceptible to discovery or new evidence. There is nothing that the Objectors can add.

Plaintiffs' "effective prohibition" claim, on the other hand, is not limited to evidence contained in the administrative record. Instead, the second cause of action is focused only on the effect of the denial *on the Plaintiffs*, and specifically on T-Mobile's ability to provide personal wireless service to the area around the proposed wireless facility. Therefore, the relevant evidence is limited to whether there is a significant gap in T-Mobile's service and whether T-Mobile engaged in a good faith evaluation of available and feasible alternatives that might be less intrusive on the values the denial decision sought to protect.

Although the City is the only proper defendant, and is fully capable of defending this case, the Objectors seek to intervene as defendants. The interests Objectors assert are not significantly protectable interests that will be impaired by a decision in Plaintiffs' favor.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

Objectors' interests are adequately represented by the City's defense of this case. And the interests the Objectors assert do not present common questions of law or fact with Plaintiffs' claims. Accordingly, their Motion should be denied.

## II. OBJECTORS' ARE NOT ENTITLED TO INTERVENE AS OF RIGHT

To intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must: (1) assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) demonstrate that its interest is inadequately represented by the parties to the action; (3) show that disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) apply to intervene in a timely manner. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997). Failure to satisfy any of these four elements requires rejection of a motion to intervene. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

The Objectors Motion should be denied because they do not have a "significantly protectable" interest in the subject property or transaction and cannot demonstrate that the interests they do assert are not adequately protected by the City.

### A. The Objectors' Possess No Protectable Interest To Support Intervention

When considering whether an applicant has a "significantly protectable" interest to justify intervention, courts in the Ninth Circuit must consider: (1) whether the interest is protectable by some law; and (ii) whether there is a relationship between the legally protected interest and the claims at issue. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

the litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010).

All of the "interests" Objectors assert relate to their status as neighboring land owners who oppose construction of a replacement cell tower near their homes. They allege that if the proposed wireless facility is built, they "will suffer adverse impacts to aesthetics, views and property values as well as the loss of public space for both active and passive recreation and enjoyment and non-radiation health and safety concerns." (Obj. Mot. 2.) As the Objectors admit, these interests are "interests in opposing the Proposed Tower." (Obj. Mot. at 6.) However, they are not legally protectable interests that will be impaired if Plaintiffs prevail in this case. Objectors' stated interest in aesthetics and property value are not sufficiently individualized or certain to support intervention. *See Montana v. U.S. Envtl. Prot. Agency*, 137 F.3d 1135, 1142 (9th Cir. 1998) (holding that government approval of an action that may decrease property values of third parties is not sufficient to create an interest for the purposes of intervention); *Omnipoint Communications, Inc. v. City of White Plains*, 202 F.R.D. 402, 404 (S.D.N.Y. 2001) (recognizing that the proposed intervenor's interest in a particular view is not a protectable right, and that general aesthetic considerations are the province of the municipality); *Lucas v. Planning Bd. of the Town of LaGrange*, 7 F. Supp.2d 310, 328-29 (S.D.N.Y. 1998) (even where certain residents may feel "especially aggrieved" by the specific location of a tower, such aesthetic concerns are properly considered in light of their impact on the municipality as a whole, and are thus best protected by the municipality). Objectors do not, and cannot, identify any law protecting the Objectors' asserted interests.

The Objectors' reliance on *Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson*, 311 F.Supp.2d 142 (D. Mass. 2004) is inapposite. First, the interests asserted by the Objectors are not "significantly protectable" under Ninth Circuit law. *See Montana*, 137 F.3d



Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

at 1142; *see also, Trunk v. City of San Diego*, 2012 WL 6213712 (S.D. Cal. 2012) (denying citizens' intervention for lack of a protectable interest in preserving government land); *Mi Pueblo San Jose, Inc. v. City of Oakland*, 2007 WL 578987 (N.D. Cal. 2007) (denying intervention for lack of a protectable interest in rejecting building permits to keep plaintiffs out of community). Second, the *Town of Hanson* court's determination that the abutter's interest regarding aesthetics, safety, and property value were sufficient to support intervention was based entirely on a Massachusetts state case that granted an abutter intervention based on their standing under Massachusetts law as a "person aggrieved" to challenge a zoning board of appeals decision. *Town of Hanson*, 311 F. Supp.2d at 150 (relying on *Butts v. Zoning Bd. of Appeals*, 464 N.E.2d 108, 111-12 (Mass. App. 1984)). Objectors are not "aggrieved" by the decision denying the application and lack standing to bring a claim against the denial under Washington law. RCW 36.70C.060(2). Third, *Town of Hanson* is distinguishable for its unusual facts. There, the Town first entered into a consent decree to settle Nextel's federal court challenge to the Town's denial, but then reversed course, denying Nextel's application on other grounds. Even in that case, where the abutters' interest was found to exist under Massachusetts law, and the Town had flip-flopped in its defense, the court found that it was "a close question," whether "the Town might not adequately represent the [abutters']." *Town of Hanson*, 311 F. Supp.2d at 252.

Furthermore, pursuant to federal law, the Objectors cannot advance any interest related to Plaintiffs' first cause of action that was not already advanced in the administrative process. The Objectors have already successfully advocated their opposition in the administrative process. (Obj. Mot. 2-4.) Plaintiffs' "substantial evidence" claim is limited to an evaluation of the denial in light of the administrative record. *See MetroPCS, Inc. v. City & County of San*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

*Francisco*, 400 F.3d 715, 725 (9th Cir. 2005) (substantial evidence review limited to the record without new "fact-finding"). No new evidence, such as the Adkins and Lathia Declarations the Objectors proffer with their Motion, may be considered. *Id*. Thus, there is not a sufficient relationship between the Objectors' asserted interests and the claims in this case to justify intervention.

Plaintiffs' "effective prohibition" claim does permit the introduction of new evidence, but such new evidence is limited to proving that there is a "significant gap" in service and that there are no available alternatives to filling that gap that are "less intrusive" on the values the Hearing Examiner's decision sought to protect. *T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 995 (9th Cir. 2009) (the "least intrusive means" standard "requires that the provider show that the manner in which it proposes to fill the significant gap in services is the *least intrusive on the values that the denial sought to serve*." (emphasis in original)). Again, Objectors' asserted interests are unrelated to this claim. None of the Objectors' stated interests have any relation to whether T-Mobile would suffer from a "significant gap" in its service without the proposed wireless facility. Likewise, it is clear that the Objectors have not stated any interest that relates to an alternative means of filling T-Mobile's "significant gap." The Objectors are not qualified to address whether any particular location is actually available and technologically feasible to satisfy T-Mobile's coverage needs. *City of Anacortes*, 572, F.3d at 998 (to even be considered potential alternatives sites must be actually available and technologically feasible). Their speculation about other locations is irrelevant. *Id.*; *T-Mobile West Corp. v. City of Agoura Hills*, 2010 U.S. Dist. Lexis 134329 at *22 (C.D. Cal. Dec. 20, 2010). And even if they were qualified, Objectors already submitted their information regarding alleged alternatives in the record. *See* Adkins Declaration In Support Of Intervention

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

at ¶ 13.

The Objectors may claim that their stated interests are related to whether there are any "less intrusive" alternatives. But their interest is simply to push any alternative location further away from them. Their "unique perspective" is simply that any alternative is less intrusive as long as it is away from them.

Indeed, the reason why only the City should be permitted party status is because only the City can protect the interests of all citizens. Installation of a new wireless tower may inevitably impact someone. The purpose of elected government is to make decisions that may sometimes burden some members of the public more than others, but with a view toward the greater good. Moreover, Congress enacted Section 332(c)(7) precisely to prevent parochial interests from interfering with greater public interest in the deployment of wireless services. H.R. Rep. No. 104-204, pt.1, at 95 (1995). For example, the Objectors oppose a wireless facility in Fairweather Park. Yet, the City Code explicitly allows a tower of up to 80 feet at this location in Fairweather Park. City Code §§ 20.37.050, 20.37.070. As such, their real objection is to the Code, which was adopted through a legislative process that is final and not subject to challenge here.[1] The City is best placed to defend against Plaintiffs' claims, based on the interests of all Medina residents, and in keeping with the adopted land use policies expressed in the Code.

Finally, any legal interest that Objectors may claim in the validity of the Hearing Examiners' decision, as a matter of law, is not relevant if the City's denial violates federal law. The Supremacy Clause dictates that Objectors cannot have a protectable legal interest in a

[1] The Objectors' dissatisfaction with the City's legislative choice of Fairweather Park as a preferred location is not properly before this Court. Objectors' remedy would have been to timely challenge the City's adoption of the wireless code before the Growth Management Hearings Board, not to intervene here.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

result that violates federal law.

**B. The Objectors' Interests Are Adequately Represented by the City**

To determine whether a proposed intervenor's interests will be adequately represented, courts in the Ninth Circuit consider: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "[W]hen the government is acting on behalf of a constituency that it represents," there is an assumption of adequacy. *Id*. "In the absence of a '***very compelling*** showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id*. (emphasis added); *see also*, *U.S. v. City of Arcata*, 2009 WL 1292961 (N.D. Cal. 2009) (denying intervention because the City adequately represented the applicant's interests); *New Par v. Lake Township*, 2007 WL 128944 (W.D. Mich. 2007) (denying intervention in a wireless siting case in part because the Township adequately represented the abutting property owner's alleged interest).

The Objectors allege that the City will not adequately represent their stated interests because the City will be the landlord for the proposed wireless facility if the Hearing Examiner's denial is found to have violated federal law. (Obj. Mot. 7-8.) The Objectors' speculation regarding the City's motives is not sufficiently compelling to overcome the legal presumption that the City will adequately defend the denial.

The mere fact that the City would be the landlord of a tower located in Fairweather Park does not render the City unfit to represent the public's interests. *See Nextel West Corp. v. Township of Scio*, 2007 WL 2331871 (E.D. Mich. 2007) (denying intervention where

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

applicants alleged "'back door dealings' between Plaintiff and Township," and holding that "[e]ven if a consent agreement is ultimately reached in this matter, the fact that the parties settle on terms different from those the applicants would have preferred does not negate the adequacy of the Township's representation of Applicant's interests."). Indeed, the Federal Communications Commission ("FCC") recently recognized that there may be legitimate public interests supporting a preference for installation on municipal property. *Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Policies*, Report & Order, FCC 14-153, ¶ 280 (Oct. 21, 2014). Moreover, under the City's Code, public properties are one of the few possibilities for the deployment of wireless infrastructure. City Code §§ 20.37.050, 20.37.060, 20.37.070. The City has no special interest in the Park over other public properties.

Moreover, as discussed above, the only evidence related to the interests the Objectors assert that the Court should consider in this case is contained in the administrative record. Those interests are adequately represented by the City's presentation of the record to the Court. It is the Court's role to determine whether the evidence therein is substantial enough to support the Hearing Examiner's decision. Due to the nature of the case, so long as the City provides the Court with the complete administrative record, the Objectors cannot "offer any necessary elements to the proceeding that other parties would neglect."

Simply put, the Objectors' distrust of the City is not a compelling showing that the City will not adequately defend the Hearing Examiner's decision. Therefore, intervention by right is not appropriate.

## III. OBJECTORS DO NOT MEET THE 24(b) PERMISSIVE INTERVENTION STANDARD

A court may grant permissive intervention under Fed. R. Civ. P. 24(b)(2), "where the applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). However, permissive intervention is "not intended to allow the creation of whole new lawsuits by the intervenors." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (internal citation omitted).

The Objectors seek permissive intervention on the grounds that they will "bring a unique perspective to the matter and are intimately familiar with the record before this Court, and its defenses of this suit will accordingly raise questions of law or fact that are in common with those raised in the Complaint." (Obj. Mot. 9.) However, the Objectors fail to meet the first and third requirements for permissive intervention.

The Objectors have no independent basis for jurisdiction. The Communications Act authorizes suits only by parties ***adversely affected*** by the ***denial*** of a personal wireless facility. *See* 47 U.S.C. § 332(c)(7)(B)(v); *Drago v. Garment*, 691 F. Supp.2d 490, 494 (S.D.N.Y. 2010); *Jaeger v. Cellco Partnership*, 2010 WL 965730, *8 (D. Conn. 2010). Thus, the Objectors cannot rely on the Communications Act for independent jurisdiction. Moreover, their asserted interests are insufficient to support independent jurisdiction, because they present no protectable interest that would not be superseded by a finding that the denial violates federal law. *See*, *Northwest Forest Resource Council v. Glickman*, 82 F.3d at 839 (finding no independent basis for jurisdiction when stated interest was preempted by federal law at issue).

Finally, the interests the Objectors assert do not raise any questions of law or fact that are common to Plaintiffs' First Amended Complaint. Plaintiffs' substantial evidence claim takes the administrative record – including the Objectors participation and advocacy related to their stated interests – as it is. Objectors have already had their opportunity to introduce their

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

allegedly unique perspective in the administrative record, and consideration of Objectors' declarations or any other extrinsic evidence is inappropriate.  Likewise, as explained in Section II.A., Objectors' opposition to the tower does not qualify them to address whether T-Mobile has a significant gap in coverage or whether technologically feasible and actually available alternative locations exist that would be less intrusive on the values the City sought to promote.  Speculation that T-Mobile could locate a facility somewhere else is not relevant and will not advance the Court's consideration of this case.  *See, e.g., City of Anacortes*, 572 F.3d at 998; *City of Agoura Hills*, 2010 U.S. Dist. Lexis 134329 at *22.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the Objectors' Motion to Intervene.

Dated: December 8, 2014          Respectfully submitted,

  /s/ Linda Atkins  
Linda Atkins, WSBA #17955  
DAVIS WRIGHT TREMAINE LLP  
WSBA #17955  
777 108th Avenue NE, Suite 2300  
Bellevue, WA 98004  
425-646-6115 – phone  
425-646-6199 – fax  

T. Scott Thompson (*Pro Hac Vice*)  
Daniel P. Reing (*Pro Hac Vice*)  
DAVIS WRIGHT TREMAINE LLP  
1919 Pennsylvania Ave. NW, Suite 800  
Washington D.C. 20006  
202-973-4200 – phone  
202-973-4499 – fax  
Email: ScottThompson@dwt.com  
Email: DanielReing@dwt.com  

*Counsel for Plaintiffs T-Mobile West LLC*

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE (C14-1455RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 25470993v4 0048172-000640

__/s/ Richard M. Stephens______________
Richard M. Stephens, WSBA #21776
GROEN STEPHENS & KLINGE LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
(425) 453-6206 –phone
(425) 453-6224 – fax
Email: stephens@GSKLegal.pro

*Counsel for Plaintiff Independent Towers Holdings, LLC*

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE (C14-1455RSL) - 13

DWT 25470993v4 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the state of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the state of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On this date I caused to be served in the manner noted below a copy of the foregoing document entitled ***Plaintiffs' Opposition to Motion to Intervene*** on the following:

Via CM/ECF Notification:
Chris Bacha
Kari Sand
Kenyon Disend, PLLC
The Municipal Law Firm
11 Front Street South
Issaquah, WA 98027-3820

G. Richard Hill
Ian Morrison
McCullough Hill Leary PS
701 Fifth Avenue, Suite 6600
Seattle, WA 98104

DATED this 8th day of December, 2014.

*s/Sasha Forbes*
Sasha Forbes, Legal Assistant

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax