The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE WEST LLC and INDEPENDENT TOWERS HOLDINGS, LLC,<br><br>            Plaintiffs,<br><br>     v.<br><br>THE CITY OF MEDINA, WASHINGTON,<br><br>            Defendant. | No. 2:14-CV-1455-RSL<br><br>PLAINTIFFS' AND DEFENDANT'S JOINT REPLY IN SUPPORT OF MOTION FOR ENTRY OF STIPULATED JUDGMENT |

## I.    INTRODUCTION

This court should grant the joint motion of Plaintiffs and Defendant City of Medina (collectively "Movants"), and enter the Stipulated Judgment and Order as requested. In their Motion, Movants demonstrated that T-Mobile has a significant gap in service, that the 80 foot tall proposed tower in Fairweather Park is necessary to remedy that gap, that the City's Code prohibits wireless facilities taller than 35 feet except in the Park, and that a facility elsewhere in the area of only 35 feet tall would not remedy the gap. Therefore, Movants demonstrated that entry of the stipulated judgment was necessary to prevent an effective prohibition of T-Mobile's wireless service. Intervenors' objections to the Settlement Agreement are speculative, not supported by facts or analysis related to whether Intervenors' "alternative" sites are actually available or technologically feasible, and appear to ignore the fact that the City Code prohibits installation of a facility tall enough to remedy T-Mobile's gap at the alleged "alternative" locations. In addition to being legally prohibited, Intervenors' alleged

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT (CV1455-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

alternatives are neither "available" nor "technologically feasible" to close a significant gap in T-Mobile's wireless coverage. Nor are they less intrusive than the site proposed in the Settlement Agreement.

## II. ARGUMENT

### A. This Court has the Power to Approve the Settlement Agreement.

This court has inherent power to approve Movants' Settlement Agreement and enter the Stipulated Judgment. *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). This authority rests upon policies favoring the amicable adjustment of disputes and avoidance of costly and time-consuming litigation. *Id.* These policies fully apply to disputes arising between wireless providers and local zoning authorities under the Communications Act ("Act"). *See Brehmer v. Planning Board of the Town of Wellfleet*, 238 F.3d 117, 121 (1st Cir. 2001) (speedy resolution of claims under 47 U.S.C. § 332(c)(7)(B) favored; settlement of such claims fully consistent with the Act); *Patterson v. Omnipoint Communications, Inc.*, 122 F. Supp. 2d 222, 228 (D. Mass. 2000) (local jurisdiction entitled to settle claims with wireless carrier rather than endure more litigation and risk ultimately less favorable terms). These policies are particularly applicable here where T-Mobile has been working for years to resolve both a coverage gap and find a permanent lawful cell site location to replace a site which had to be relocated to accommodate a major bridge and highway construction project.

### B. Intervenors' Locations are Neither Available nor Feasible "Alternatives".

Intervenors argue that Movants' Settlement Agreement should not be approved because allegedly Movants have not provided an adequate "alternatives" analysis to support the merits of Movants' claims under the Act. In making this argument, Intervenors misapprehend both the proper test to be applied to claims for effective prohibition of wireless service under the Act and that under the proper test, it is their burden at this stage to advance adequate evidence of alternatives, a burden that they have not met. *See T-Mobile v. City of Anacortes*, 572 F.3d 987, 998 (9th Cir. 2009) (once Plaintiffs make prima facie showing of effective prohibition, burden shifts).

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

### 1. The City Code Prohibits Towers Of Sufficient Height At All Locations Identified By Intervenors

T-Mobile, Independent Towers, and the City demonstrated in the Joint Motion that T-Mobile has a significant gap in its wireless coverage – a fact demonstrated by T-Mobile's expert and confirmed by the City's expert. *See* Decl. of T. Scott Thompson, Ex. A (Conroy Report); Decl. of Kari Sand, Ex. A (Lockwood Report). Those expert reports further confirm that a facility of only 35 feet high anywhere in the surrounding area would not remedy T-Mobile's gap. *Id.* Intervenors have introduced no evidence contradicting those experts.[1]

As Movants' also explained, the City Code prohibits wireless facilities taller than 35 feet anywhere in the City other than Fairweather Park. (*See* Joint Motion 4; Medina Mun. Code 20.37.070). As discussed in the initial Declaration of Richard Conroy and again in the second Conroy Declaration submitted with this Reply, at any of the locations advanced by Intervenors, a facility taller than the 80 foot facility proposed for Fairweather Park would be required; those locations would require tower heights ranging from 100 feet up to 185 feet tall. Such heights are absolutely prohibited everywhere in the City of Medina. Accordingly, there are no feasible alternative locations where Plaintiffs can locate a wireless facility of sufficient height to remedy T-Mobile's gap. (Joint Motion at 4).

Intervenors advance several purely speculative locations that they claim would be less intrusive. (*See* Declarations of DeFeo, Steirer, Adkins). In doing so, Intervenors conflate a lawful variance process under the Medina City Code, which allows an 80 foot tower in Fairweather Park, with sheer speculation that the Medina City Council would adopt a code amendment to permit a taller structure at other locations. In doing so they are inviting the court to commit judicial error by considering unlawful alternatives as evidence that the "least

---

[1] Intervenors did not disclose any expert witness in their Rule 26 disclosure. Declaration of Linda White Atkins, Exhibit A. Movants object to Intervenors' introduction of declaration testimony from Mr. DeFeo, Mr. Schennum, Mr. Steirer, and Ms. Adkins, which seek to introduce opinion testimony. Those declarations should be stricken. Fed. R. Civ. Proc. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (this Rule is a "'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material…'")

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

intrusive means" standard has not been met.  Because the City Code prohibits a wireless facility tall enough to remedy T-Mobile's gap at all of Intervenors' supposed alternative sites, none of those alternatives even survives the threshold issue of availability.

Intervenors characterize the absolute prohibition of heights over 35 feet in the Medina Code as an "excuse."  They argue that Independent Towers and T-Mobile could just ask the City Council to amend the City Code.  Intervenors' Opposition, 5-6.  Intervenors are wrong to assert that "it is legally irrelevant" that their locations are not zoned to permit wireless facilities.  A location does not meet the *Anacortes* test of "potentially available" and "technologically feasible" if local law prohibits the wireless facility in that location.  *See, e.g., T-Mobile West Corp. v. City of Huntington Beach,* 2012 WL 4867775, at *18 (C.D. Cal. 2012) ("An alternative … must be zoned to allow for wireless telecommunications facilities, at the height necessary to provide coverage.");, *T-Mobile West Corp. v. City of Agoura Hills,* 2010 U.S. Dist. Lexis 134329 *32-34 (C.D. Cal. Dec. 20, 2010) (water tank was not a potential alternative because to use it for wireless would require an ordinance amendment).

### 2. Even If the Intervenors' Locations Were Permitted Under the Zoning Code, They Are Still Not Technologically Feasible or Less Intrusive

Even if the locations identified by Intervenors were available under local code, they are still not available and feasible, nor are they less intrusive.  As described in detail in the Declarations of Rich Conroy, Heather Gastelum and Darcy Estes submitted with this Reply, all of Intervenors' locations are either technologically infeasible or would require installation of a 100 to 180 foot tall tower closer to homes (of Medina residents other than the Intervenors).  For example, Intervenors' witnesses press "Alternative C" as most preferable.  They assert that T-Mobile could co-locate with an AT&T facility at the Bellevue Christian School.  However, there is no wireless tower or support structure facility at the School.  The AT&T antennas are mounted on the side of a single story school building, approximately 30 feet above the ground.  (Gastelum Decl. ¶11).  The declarations submitted by Intervenors' witnesses do not appear to reflect this fact. Moreover, T-Mobile would need a 150 foot tower at the School building to

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

provide equivalent coverage to the Park site, but such a tower is not structurally possible. (Gastelum Decl. ¶ 11). Similarly, Intervenors' "Alternative A" has been rejected by WSDOT on multiple grounds, including, for example, the fact that the area is a water retention and filtering area. (Gastelum Decl. ¶ 8).  And Intervenors' Alternatives A, B, D, and E all would put 100- to 180-foot towers in close proximity to homes of Medina residents other than Intervenors. (Gastelum Decl. ¶¶ 8-13).

Ultimately, the Fairweather Park location was the result of a process undertaken by the City years ago.  The City conducted extensive outreach to obtain public input on the design of the proposed facility, and the City Council selected the stealth light pole design in open public session from among six design options.  Atkins Decl., Ex. B (AR 19, 27).  There was abundant prior notice to the public of the six design options, and advance community input on the design selection was solicited and considered.  *Id.* (AR 19.)  In addition, the choice to grant a lease for a facility site location in Fairweather Park was made by the City Council in open public session, with opportunities for public comment.  *Id. (*AR 19).

Thus, the Intervenors' position ultimately seeks to overturn multiple, unappealed legislative enactments of the City, identifying Fairweather Park as an appropriate location for a wireless facility, selecting through a public bidding process a company interested in building a wireless facility in the Park, and making a decision approving the site design and location based on public input.  Intervenors' objection is not to the Independent Towers application; rather, it is to the City Code provisions that allow and ultimately steer facilities into the Park, and to the City decisions regarding location and design.

**C.     Intervenors Cannot Force The Parties To Litigate.**

A final argument made by Intervenors against the Settlement Agreement is that they allegedly have been deprived of opportunities to make their case. *Opposition,* 8-10.  In addition to being inaccurate (for example, despite introducing several witnesses now who purport to provide what are expert opinions on the feasibility of wireless coverage, design, and construction, Intervenors did not identify *any* experts in their expert disclosure (Atkins Decl.,

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

Ex. A), Intervenors' argument misses the point. They intervened on the side of the Defendant; they have no claims of their own. Indeed, their argument would negate the Plaintiffs' and City's ability to settle. Intervenors cannot prevent parties from settling a case. *See, e.g.*, *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806-07 (9th Cir. 2002) (citing *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland,* 478 U.S. 501, 528-29 (1986)). Yet, Intervenors seek to force Plaintiffs to fully litigate their case as a condition of the Court accepting the settlement. But that is not settlement. A settlement allows parties to avoid the costs of litigation while reaching a fair and reasonable outcome.

### III.  CONCLUSION

Intervenors' alleged "alternatives" are neither available nor technologically feasible. As a threshold matter, the City Code prohibits installation of a tower of sufficient height at any of the Intervenor locations, which alone eliminates them all from consideration. But each of the locations also suffers from a variety of defects and drawbacks, as discussed in detail in the Gastelum, Estes and Conroy declarations submitted with this Reply. The Settlement Agreement between Plaintiffs and Defendant approves the only available and technologically feasible alternative to remedy T-Mobile's significant gap, and is the only location in the City that allows for colocation of other wireless providers, as encouraged by the City Code. The Settlement provides significant public benefit in the form of substantial improvements to Fairweather Park that will enhance recreation at the Park. For all of these reasons, Intervenors' arguments should be rejected, and this court should approve Movants' Joint Motion for Entry of Stipulated Judgment.

Dated: June 26, 2015                           Respectfully submitted,

　　/s/ Linda White Atkins　　　　　　
Linda White Atkins, WSBA #17955
DAVIS WRIGHT TREMAINE LLP
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004
425-646-6115 – phone
425-646-6199 – fax

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

T. Scott Thompson (*Pro Hac Vice*)
Daniel P. Reing (*Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington D.C. 20006
202-973-4200 – phone
202-973-4499 – fax
Email: ScottThompson@dwt.com
Email: DanielReing@dwt.com

*Counsel for Plaintiffs T-Mobile West LLC*

\_\_/s/ Richard M. Stephens_____
Richard M. Stephens, WSBA #21776
STEPHENS & KLINGE LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
(425) 453-6206 –phone
(425) 453-6224 – fax
Email: stephens@SKLegal.pro

*Counsel for Plaintiff Independent Towers Holdings, LLC*

\_\_/s/ Robert F. Noe_____
Robert F. Noe, WSBA # 16730
Kenyon Disend, PLLC
11 Front Street South
Issaquah, WA 98027-3820
Tel: (425) 392-7090
Fax: (425) 392-7071
Kari@kenyondisend.com

*Counsel for Defendant City of Medina*

REPLY SUPPORTING JOINT MOTION FOR STIPULATED JUDGMENT
(CV1455-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax