The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE WEST LLC and INDEPENDENT TOWERS HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF MEDINA, WASHINGTON,<br><br>Defendant. | NO. 2:14-cv-1455RSL<br><br>DECLARATION OF HEATHER GASTELUM IN SUPPORT OF PLAINTIFFS' AND DEFENDANT'S REPLY IN SUPPORT OF JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT |

Heather Gastelum declares and states:

1. I am employed by T-Mobile as Senior Manager, Development, for the Pacific Northwest area. In this capacity I was asked by Darcey Estes, T-Mobile's West Region Development Manager, to head up a team assessing some locations suggested by Respect Medina as an alternative to the permit application submitted by Independent Towers to construct a tower in Fairweather Park owned by the City of Medina. I am over the age of 18 years, competent to testify herein, and make this declaration on personal knowledge of the facts stated.

2. I have been employed in the wireless industry for 21 years and have worked managing multiple markets developing, building and upgrading cell towers and other cell sites. My experience includes being the manager for T-Mobile Towers, a portfolio of more than

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 1
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1. 8,000 communications towers spread out across the country and in Puerto Rico, where I was responsible for all facets of the management and operations of cell towers including construction management, structural analysis reviews, structural modifications, and implementing regulatory compliance programs.

3. I am familiar with the proposal by Independent Towers to locate an 80' tall stealth monopole along with a below grade equipment shelter that would provide space for a T-Mobile wireless communications facility, together with other collocated wireless facilities, at a location in Fairweather Park, adjacent to the tennis courts, in the City of Medina.

4. I have reviewed the maps attached to the Declarations of John E. DeFeo and George A. Steirer, submitted by Intervenor Respect Medina. Those maps each identify four locations labeled "A", "B", "C" and "D". The DeFeo Declaration also identifies a location "E". Declarants DeFeo and Steirer propose these locations as alternatives to T-Mobile's collocation on the proposed Independent Towers stealth monopole.

5. Each of the locations identified as potential alternatives by Intervenors' witnesses would require a tower much taller (at least 105 feet tall, and as much as 180 feet tall) than the Independent Towers proposed 80 foot tall stealth monopole at Fairweather Park. Yet, the City of Medina Code prohibits a wireless structure taller than 35 feet anywhere other than in Fairweather Park. Thus, none of the locations advanced by Intervenors are zoned to allow a tower of the height needed to allow T-Mobile to fill its significant gap in wireless coverage.

6. Even if any of the locations were available from a legal perspective, they are all infeasible for various engineering and/or other reasons.

7. T-Mobile has evaluated the locations identified by Intervenors for potential suitability, feasibility and constructability as alternatives for T-Mobile. The results of T-Mobile's evaluation are described below.

8. The "unforested area of Fairweather Nature Preserve" identified as "A" on the Respect Medina map consists of a roughly rectangular area some distance to the east of the developed area of Fairweather Park together with a very narrow "panhandle" that extends from

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 2
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

the rectangular area back up towards Fairweather Park. The "panhandle" abuts a bike trail built by WSDOT parallel to SR520. The rectangular area is located significantly downhill from Fairweather Park and encompasses the WSDOT water retention and treatment facility property, an ox-bow shaped paved roadway and a small patch of forested land that separates WSDOT's water treatment and retention facility from 80th Ave NE. The lower elevation within this rectangular area compared with the elevation at Fairweather Park would require a tower of approximately 180 feet. (See the Reply Declaration of Mr. Conroy). T-Mobile has discussed this location with WSDOT, and WSDOT has indicated that this area is not an option (the retaining pond and wet vault are part of WSDOT's stormwater treatment and flow control management obligations under the SR 520 project). In addition, assuming that a tower could be built in this area, use of this area for wireless facilities would place a 180+ foot tall tower approximately 100 feet across the street from residential homes.

9. The "panhandle" area of Respect Medina's location "A" also is not a viable location. The bicycle path that runs along SR 520 does not appear to be structurally capable of supporting heavy trucks and machinery necessary to construct a tower, even if an acceptable site could be located along the path. Based on the dense growth of trees, steep slopes, use of fill materials, issues and the landscape buffer that WSDOT planted along the panhandle, I was not able to locate any site on which a tower and equipment shelter could be built. Moreover, WSDOT representatives communicated to me that they would not even consider allowing a wireless tower and equipment along that narrow strip of land or just outside of it. Access for construction and removal of trees that would be needed would not be allowed.

10. Respect Medina location "B", which is the "Bellevue Christian School Parking Lot/Excess Property" is significantly lower elevation than Fairweather Park and would require an approximately 150 foot tall tower due to the coverage objective and ground elevation change. (See Conroy Reply Declaration). The area is currently fully wooded and would require removal of many mature, tall trees as well as shorter trees. My understanding is that the City of Medina's Tree Ordinance (Medina Municipal Code Chapter 20.52) significantly


DECL. OF HEATHER GASTELUM (C14-1455RSL) - 3
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

restricts and seeks to limit the removal of trees. Moreover, this area significantly slopes from south to north (down toward SR 520 sound wall), and thus would require significant fill to make the area even potentially suitable for the construction of a monopole at the height needed here. Fill of any kind when designing foundations required to support monopole type structures is less than desirable and can create the need for a much larger non-standard type foundation such as a matt or pad/pier. Furthermore, on June 3rd, 2015, WSDOT communicated to me that the sound wall separating this area from SR 520 is not engineered to allow earth fill next to or against the sound wall. Even were it possible to construct a monopole in this location, the necessary 155 foot tall tower would be approximately 100 feet from homes across 80th Avenue NE in Town of Hunts Point and homes across NE 28th Street in Medina. Finally, placing a wireless communications tower at this location would require approval of both the Bellevue School District (the property owner) and the Bellevue Christian School (the ground tenant here) for a 150 foot tall tower and 60'x20' equipment compound.

11. Intervenors' location "C" is described on the maps as "Co-location on Existing Bellevue Christian School Wireless Tower." A physical investigation at this site reveals that there is no monopole or other existing tower type structure of any kind, let alone one suitable for colocation. The only structure at this location is the main Bellevue Christian School building, a single story building, no more than approximately 30 feet tall. There are existing AT&T antennas side mounted on the building, below the roofline along the top portion of the single story building. Moreover, the very low height of the building would not provide the necessary height to provide coverage for T-Mobile. Area C is located significantly downhill from Fairweather Park, at an elevation that would require an approximately 150 foot tall tower for T-Mobile to equal the coverage achieved by the 80 foot pole in the Park. (See Conroy Reply Decl.). Constructing a new tower on top of the Bellevue Christian School building could not be accomplished, as the school building is not structurally capable of supporting a 150 foot tall tower. Placing a tower directly adjacent to the school building, as depicted on the Respect Medina map would interfere with other structures adjacent to the main building, as well as

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 4
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

presenting many of the same challenges identified above with respect to the school parking lot location.

12. Intervenors' location "D", "SR 520 Park & Ride Access Road Right of Way", presents a number of constructability problems that render this location unusable for installation of a wireless tower:

    a. First, area "D" is at a lower elevation than the proposed Fairweather Park location; it would therefore require an approximately 100 foot tall tall tower. (Conroy Reply Decl.)

    b. Second, significant space and practical constraints exist, including: (i) the area is too small to accommodate the necessary equipment enclosure--after WSDOT completes construction of the Park & Ride based on the review of their design presented by WSDOT during our site walk conducted on June 3rd, 2015, only a small area will be left for an equipment shelter, not large enough to accommodate a multi-carrier shelter (60'x 20'); (ii) as depicted in the attached photograph (attached as Exhibit A hereto), the only area available for tower construction would be bounded by the red and white sign sitting on the ground slightly down the access road and by the middle set of two orange cones moving up the access road. WSDOT has informed me that the current WSDOT access road area cannot be used because that area will be walled off and inaccessible after the WSDOT construction is complete.

    c. Third, this location would place a 100 foot tall tower on the edge of Evergreen Point Rd, approximately 100 feet from the house across the street, and I have been informed by the City's Planning Director, Mr. Grumbach, that the residents of those houses have already communicated to the City of Medina that they are opposed to a tower in this location;

    d. Finally, this site would not be available to start building for one or two years due to SR 520 construction.

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 5
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

13. In the Declaration of John DeFeo he discussed location "E" which he describes in Paragraph 10 as WSDOT property anticipated to be used for road maintenance once 520 improvements complete. I personally inspected the area of "Location E" with WSDOT on June 3rd. Location E will not be available until SR 520 construction is complete a year or two from now. It is not lawful under the City of Medina code to construct a tower tall enough to meet T-Mobile's needs at this location. Moreover, the site would place a tower directly adjacent to several homes.

14. In his Declaration Mr. DeFeo also speculates about an "on the lid" site. He asserts that "a good location would be just above the east portal of the eastbound lanes, and that a tower at this location would not have "any notable" impact on any residential areas". Based on my past construction experience it is a highly unlikely that any "on the lid" design would be a viable candidate to support a tower or any equipment that was not designed into WSDOT's structural design. It is complete and sheer speculation to suggest that WSDOT would allow any entity to excavate into a just-constructed roadway lid to construct a tower.

15. The current proposed location actually is designed to increase the playable area surface square footage by being built on the current unusable slope area of the Park. It is not designed in the "middle of the park" or "middle of a playfield" as called out by DeFeo in his Declaration at paragraphs 10 and 12.

16. I declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the State of Washington that the foregoing is true and correct.

////////////////
////////////////
////////////////
////////////////
////////////////
////////////////
////////////////

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 6
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1   DATED this 25th day of June, 2015 at Bothell, Washington.

2

3   _____
    HEATHER GASTELUM

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECL. OF HEATHER GASTELUM (C14-1455RSL) - 7
DWT 27206669v2 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

# EXHIBIT A

A.  *Intervenors' Location "A"* -- **"UNFORESTED" AREA OF FAIRWEATHER NATURE PRESERVE**



View of Area A looking East

**B.** *Intervenors' Location "B"* -- **"BELLEVUE CHRISTIAN SCHOOL PARKING LOT/EXCESS PROPERTY"**



View within trees and of WSDOT sound wall within Area B

**C.**   *Intervenors' Location "C" –* **"CO-LOCATION ON 'EXISTING' BELLEVUE CHRISTIAN SCHOOL 'WIRELESS TOWER'"**



Bellevue Christian School Building – No tower structure exists

**D.**     *Intervenors' Location "D" – "SR 520 PARK & RIDE ACCESS ROAD RIGHT OF WAY"*

