The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE WEST LLC and
INDEPENDENT TOWER HOLDINGS,
LLC,

                        Plaintiffs,

v.

THE CITY OF MEDINA,
WASHINGTON,

                        Defendant.

NO. 2:14-cv-1455-RSL

INTERVENORS' MOTION FOR
RELIEF FROM BRIEFING
DEADLINE

NOTE ON MOTION CALENDAR:
JULY 31, 2015

## I. INTRODUCTION

Intervenor Medina Residents' response to the joint motion by the original parties for approval of a proposed settlement was due on June 23, 2015.[1] Subsequently, intervenors have obtained additional evidence through the discovery process that bears on one of the central issues presented by the motion. Consequently, intervenors request leave to file a declaration providing the Court with this additional evidence and a short supplemental brief discussing it. A copy of the proposed supplemental brief is appended to the proposed order. A declaration, submitting the new

---

[1] We use "Medina Residents" to refer to all of the intervenors.

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 1

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

documents, is filed along with and in support of this motion. *See* Bricklin Declaration (July 23, 2015).

## II.   FACTS

Intervenors' response to the other parties' Joint Motion for Entry of Stipulated Judgment was due on June 23, 2015. That briefing deadline was in advance of the July 6, 2015 discovery deadline established by the scheduling order (Dkt. 22). Upon filing by the other parties of the Joint Motion on May 14, 2015 (Dkt. 31), the parties deferred the discovery period. *See* Dkt. 62 at 1:17-18. *See also* Declaration of Morrison (Dkt. 54) (discussing informal deferral of discovery during settlement efforts).

However, before the parties formally agreed to defer discovery (Dkt. 62), the intervenors subpoenaed documents from the City's expert witness, Steven Lockwood, at the electrical engineering firm of Hatfield and Dawson. *See* Declaration of Bricklin (July 23, 2015), Ex. A. The subpoena for Mr. Lockwood's documents was served on Mr. Lockwood on June 26, 2015. *Id.*, Ex. B. Intervenors' counsel received documents responsive to the subpoena from Mr. Lockwood on July 2, 2015. Among the documents received from Mr. Lockwood were documents not previously made available to intervenors – even though at least some of these documents apparently are also within the custody of the City of Medina and the intervenors have made requests for these documents from the City pursuant to the Washington Public Records Act, which requests have been unavailing to date. *See* Declaration of David Bricklin (July 23, 2015). *See also* Declaration of Ian Morrison (July 23, 2015).

### A.   Two Reports from the City's Independent Electrical Engineer, Stephen Lockwood.

Among the documents disclosed by Stephen Lockwood (but withheld so far by the City of Medina) are two reports critiquing the coverage gap reports provided by T-Mobile. The first report

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 2

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

prepared by Mr. Lockwood for the City of Medina is dated January 29, 2015. *See* Bricklin Declaration, Ex. C. This report critiques the coverage testing process and conclusions provided to the City by T-Mobile's expert, Richard Conroy. Among Mr. Lockwood's conclusions regarding the T-Mobile report were the following:

- The T-Mobile Report is "somewhat lacking in detail and simple engineering rigor." *Id.* at 1.

- No explanation was provided for the transmitter power output used in tests. *Id.* at 2.

- Test results were omitted for the test with the antenna at a height of 45 feet. The report fails to address the possibility of a lower antenna height without co-location and fails to discuss "the trade-offs of minimum height for cover, least intrusive design criteria, and co-location options." *Id.* at 3.

- The report is "based on a number of unsupported assumptions." *Id.* at 4.[2]

In response to Mr. Lockwood's January 29, 2015 report, T-Mobile provided an additional report entitled "Supplemental Information in Response to the Hatfield and Dawson Report." Mr. Lockwood provided a critique of that Supplemental Information, too, on February 9, 2015. *See* Bricklin Declaration, Ex. D.

Mr. Lockwood's February 9, 2015 report first notes that T-Mobile's Supplemental Information provided some of the additional information that had been lacking in the original report. *Id.* at 1. But even with this additional information in hand, it became clear that the bottom line substantive assertions made by T-Mobile still lacked adequate scientific support:

> A comparison of the coverage between the tested 45' (Exhibit F) and 65' (Exhibit C) <u>are not overly convincing</u>. The differences between these two drive tests are not significant. It is clear to us that the

---

[2] The Lockwood reports are not paginated. In assigning page numbers, we have counted the cover as page one (so that they track the PDF pagination).

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 3

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

> height choices are based on engineering judgment, future expansion, and co-location issues.  <u>If additional co-location is a desirable issue then additional height beyond 65' would be reasonable.</u>  The height of 65' would allow for one additional carrier below the T-Mobile antennas at the top of the mono-pole.

*Id.* at 2-3 (emphasis supplied).

Lockwood also stated that there were unanswered questions about Conroy's exhibits A and B which depict estimated coverage under existing conditions, with and without T-Mobile's temporary 45-foot high antenna. Lockwood wrote: "We find it peculiar for the coverage along NE 12th to be below 85 dBm given the terrain and the proximity to the facility at St. Thomas (SE02618A). This is also the case for the area bound by Evergreen Point Rd. and 79th Avenue NE between NE 21st St. and NE 28th and the proximity to SE02619D. This seems unusual as the general orientation of the sectors from T-Mobile in this market would include a westward (270°) directed antenna. Do these sectors exist and were they active for this test?" *Id.* at 3.

Lockwood concludes his report with a finding that "an antenna height of 65' would be a reasonable height given the demonstrated needs of T-Mobile." *Id.* at 3. Indeed, mindful of the least-intrusive criteria, Mr. Lockwood questions whether even a lower tower height might be sufficient. "Could the total height be 55' without co-location?" *See* Bricklin Decl., Ex. D at 3. Even a 65' antenna height is lower than the 75' high antenna on an 80' high tower which is the subject of the proposed settlement agreement.

B. <u>An Earlier Report by T-Mobile's Electrical Engineer, Richard Conroy, which Varies Significantly from the Version Conroy Submitted to this Court</u>

In support of the Joint Motion, T-Mobile's counsel submitted a May 6, 2015 report from T-Mobile's electrical engineer, Richard Conroy. Dkt. 32. Conroy's report includes a coverage map purporting to demonstrate a coverage gap under the current configuration (which includes a

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 4

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

temporary antenna at 45'). *Id.* at 27. The map shows limited coverage along several roads in the immediate vicinity of the temporary antenna (designated as SE08014A on the map), including most of Evergreen Point Road, north and south of 520 and several other nearby neighborhood roads. The map was cited by Mr. Conroy to support his conclusion that there is a current significant gap in coverage. *Id.* at 12.

In the documents provided by Mr. Lockwood in response to our subpoena, an earlier version of this same coverage map was included. *See* Bricklin Declaration (July 23, 2015) at I. That earlier version does not show coverage gaps on Evergreen Point Road or the other nearby neighborhood roads that are depicted as having poor coverage in the version that T-Mobile submitted to the Court. We have not been able to find any explanation for the different coverage depicted on these supposedly identical maps.

C. Emails

Included in Mr. Lockwood's subpoena response were various emails he sent to and received from the city. Among the emails (Bricklin Declaration, Ex. J) is the following information:

- An email from city staff (Robert Grumbach) highlighting for Lockwood that T-Mobile's revised report eliminates an earlier analysis of the coverage provided by an antenna at 65' feet. "It looks like to me that they eliminated the in-between tests." (Email from Grumbach to Sand and Lockwood, May 7, 2015.)

- An email from Mr. Grumbach noting that T-Mobile had agreed to a 65' antenna height in December 2014. (Email from Grumbach to Lockwood, Jan. 28, 2015).

- An email from the city attorney to Mr. Lockwood encouraging him to use the phone instead of emails to avoid leaving a paper trail, and asking him to confirm her conclusory

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 5

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

statement that the new report (now scrubbed clean of the 65-foot coverage analysis) could support an 80-foot tower. (Email from Sand to Lockwood, May 7, 2015.)

### III. ARGUMENT FOR RELIEF FROM BRIEFING DEADLINE

Prior to obtaining these documents from Mr. Lockwood on July 2, 2015, intervenors had no knowledge of Mr. Lockwood's criticisms of the T-Mobile tests, or the questions city staff was raising about Mr. Conroy's analysis, or the coverage map created by Mr. Conroy which is dramatically different from the one submitted to the Court on his behalf. This new information is directly relevant to the core issues presented by the pending Joint Motion. That motion seeks a judicial factual determination that the proposed antenna (75 feet above ground on an 80-foot tall tower) is necessary to address a significant gap in coverage and that the 80 foot tower is the least intrusive means of addressing the coverage gap. Dkt. 31.

In our opposition, we acknowledged that the moving parties evaluated a shorter tower at the moving parties' preferred site, Dkt. 53 at 5:7, and, thus, we focused our attention on alternative less-intrusive sites. But we did not know at that time that the city's independent consultant, Stephen Lockwood, had opined that, rather than ruling out a shorter tower at the moving parties' preferred location, the evaluation indicated a shorter tower there might provide an adequate response to the coverage gap, nor did we know that city staff was highlighting for Mr. Lockwood Mr. Conroy's intentional omission of any analysis of shorter antenna heights at the moving parties' preferred location or that the city's attorney was directing him to the 80-foot tower height. Nor did we know then that Mr. Conroy himself had developed a coverage map that showed much better existing coverage (*i.e.*, no significant gap in coverage) than was depicted on the map provided in support of the Joint Motion.

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 6

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

Without that information, we presented two other arguments in our Opposition. First, we argued that T-Mobile had failed to meet its burden of coming forward with *any* evidence to support its burden of proof regarding alternative sites and, second, that, in any event, there are disputed facts which precludes the Court from deciding the factual issues on an abbreviated record in advance of trial. The new information recently made available by Mr. Lockwood in response to the subpoena provide additional evidence that material facts on additional issues are in dispute which should preclude the Court from deciding the Joint Motion on the current abbreviated record.

Because these reports and other documents were not available to intervenors at the time of the deadline for filing their response to the Joint Motion, the intervenors now request that the Court extend the time for intervenors' response to allow them to provide a short memorandum that discusses the significance of these additional documents in the context of the Joint Motion.

Allowing the filing of the short memorandum and consideration of these newly disclosed reports and other evidence will not prejudice the other parties because the other parties have had access to the reports since or shortly after the date on which they were prepared and also because we propose that the other parties be given the opportunity to file a supplemental reply addressing this new evidence within a week of the Court granting our motion.

A proposed order with the proposed supplemental memorandum attached thereto is being lodged with the Court concurrently with the filing of this motion.

Dated this 23rd day of July, 2015.

    Respectfully submitted,

    BRICKLIN & NEWMAN, LLP

    By:   s/ David A. Bricklin
           David A. Bricklin, WSBA No. 7583
           Email: bricklin@bnd-law.com
           BRICKLIN & NEWMAN, LLP

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 7

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

1001 Fourth Avenue, Suite 3303
Seattle, WA 98154
Telephone: (206) 264-8600
Facsimile: (206) 264-9300
Attorneys for Respect Medina and
Medina Residents

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Linda Atkins
DAVIS WRIGHT TREMAINE LLP
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004

T. Scott Thompson (*Pro Hac Vice*)
Daniel P. Reing (*Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington D.C. 20006
Email: ScottThompson@dwt.com
Email: DanielReing@dwt.com
*Counsel for Plaintiffs T-Mobile West LLC*

Richard M. Stephens
STEPHENS & KLINGE LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
Email: stephens@SKLegal.pro
*Counsel for Plaintiff Independent Towers Holdings, LLC*

Mike Kenyon
Bob Noe
Kenyon Disend, PLLC
11 Front Street South
Issaquah, WA 98027-3820
Email: Mike@kenyondisend.com
Email: Bob@kenyondisend.com
*Counsel for Defendant City of Medina*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

s/Peggy S. Cahill
Legal Assistant

INTERVENORS' MOTION FOR RELIEF
FROM BRIEFING DEADLINE - 8

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300