The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-MOBILE WEST LLC and INDEPENDENT TOWERS HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MEDINA, WASHINGTON, <br><br> Defendant. | No. 2:14-CV-1455-RSL <br><br> PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM OPPOSITION DEADLINE AND FOR IMMEDIATE STAY <br><br> NOTE ON MOTION CALENDAR: 8/14/15 |

Plaintiffs T-Mobile West LLC ("T-Mobile") and Independent Towers Holdings, LLC ("Independent Towers") (collectively "Plaintiffs"), hereby move the Court to grant all parties relief from the deadline to oppose Intervenors' Motion for Summary Judgment (Docket #71), which would otherwise be due on August 24, 2015, and to Stay any further proceedings until the Court rules on the Joint Motion for Entry of Stipulated Judgment, filed by Plaintiffs and Defendant The City of Medina (the "City") on May 14, 2015 (Docket # 31).

Counsel for Defendant City of Medina has informed counsel for T-Mobile that the City consents to this motion for stay. Counsel for Intervenors have communicated to counsel for

PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM DEADLINE AND FOR STAY (C14-1455RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 27561651v1 0048172-000640

1  Plaintiff T-Mobile that Intervenors would not be able to take a position on this motion before it
2  needs to be filed today.

3  On August 4, 2015, one month after stipulating (Docket #62) to stay discovery until the
4  Court resolved Plaintiffs' and Defendant's Joint Motion for Entry of Stipulated Judgment,
5  Intervenors filed a motion for summary judgment alleging that one of Plaintiffs' claims is
6  premature for failure to exhaust administrative remedies. The Intervenors' motion is meritless.
7  However, it does present a bigger issue, prompting the instant motion. Simply put, Plaintiffs
8  and Defendant City have entered into a settlement agreement, settling the case. Plaintiffs and
9  the City have filed a Joint Motion for the Court to enter a stipulated judgment based on that
10 settlement agreement (Docket # 31). That Joint Motion has been briefed and is ready for the
11 Court's resolution.

12 It is illogical and inefficient for Plaintiffs to be required to respond to Intervenors'
13 motion for summary judgment when there is a motion pending already that should resolve the
14 case. The point of settlement, at least in part, is to avoid the costs of litigation. Plaintiffs and
15 the City believe that they have settled the case. It is not appropriate for an intervenor to force
16 the parties to litigate the merits of a settled case. *See, e.g., So. Cal. Edison Co. v. Lynch*, 307
17 F.3d 794, 806-07 (9th Cir. 2002) (citing *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v.*
18 *City of Cleveland*, 478 U.S. 501, 528-29 (1986)). Requiring the Parties to respond to
19 Intervenors' summary judgment motion would force them to litigate a case that they have
20 settled, undermining the strong public policy in favor of settlements. *Dacanay v. Mendoza*, 573
21 F.2d 1075, 1078 (9th Cir. 1978) (recognizing the "policy favoring the amicable adjustment of
22 disputes and the concomitant avoidance of costly and time consuming litigation"); *Turtle Island*
23 *Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1167 (9th Cir. 2012)

PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM
DEADLINE AND FOR STAY (C14-1455RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 27561651v1 0048172-000640

("Settlement is to be encouraged."); *U.S. v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977) (noting that "the law favors and encourages compromise settlements," and that "there is an overriding public interest in settling and quieting litigation"); *see also, Brehmer v. Planning Board of the Town of Wellfleet*, 238 F.3d 117, 121 (1st Cir. 2001) (speedy resolution of claims under 47 U.S.C. § 332(c)(7)(B) favored; settlement of such claims fully consistent with the Act). If the parties are required to respond to Intervenors motion for summary judgment, they will be denied the fundamental benefits underlying settlements. *Patterson v. Omnipoint Communications, Inc.*, 122 F. Supp. 2d 222, 228 (D. Mass. 2000) ("it behooves the board to settle with the Plaintiff company on the most favorable terms possible; rather than spend more on litigation, with the potential to receive less favorable terms from a judgment").

Indeed, the Stipulation Regarding Discovery filed by all parties on July 1, 2015 acknowledges that further discovery should be deferred until after the Court rules on the Stipulated Judgment (Docket # 62). This, of course, makes practical sense for motions practice and all other proceedings in this case too. If the Court enters the proposed Stipulated Judgment, any other proceedings are moot. If, on the other hand, the Court denies the proposed Stipulated Judgment, the case schedule will need to be reset to reflect the substantive findings of the Court in ruling on that motion. At that time, discovery can be resumed, if appropriate, and the parties can pursue any further actions, including the Intervenors' summary judgment motion, as may be appropriate in light of the Court's ruling.

Accordingly, in order to preserve the purpose of and policy favoring settlements, , all parties should be accorded relief from the deadline for opposing summary judgment and any and all further proceedings in this case should be stayed pending the resolution by the Court of the Plaintiffs' and Defendant's Joint Motion for Entry of Stipulated Judgment.

PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM
DEADLINE AND FOR STAY (C14-1455RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 27561651v1 0048172-000640

Dated: August 6, 2015              Respectfully submitted,

   /s/ Linda Atkins
Linda Atkins, WSBA #17955
DAVIS WRIGHT TREMAINE LLP
WSBA #17955
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004
425-646-6115 – phone
425-646-6199 – fax

T. Scott Thompson (*Pro Hac Vice*)
Daniel P. Reing (*Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington D.C. 20006
202-973-4200 – phone
202-973-4499 – fax
Email: ScottThompson@dwt.com
Email: DanielReing@dwt.com

*Counsel for Plaintiffs T-Mobile West LLC*

   /s/ Richard M. Stephens
Richard M. Stephens, WSBA #21776
STEPHENS & KLINGE LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
(425) 453-6206 –phone
(425) 453-6224 – fax
Email: stephens@SKLegal.pro

*Counsel for Plaintiff Independent Towers Holdings, LLC*

PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM DEADLINE AND FOR STAY (C14-1455RSL) - 4

DWT 27561651v1 0048172-000640

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David A Bricklin | bricklin@bnd-law.com, cahill@bnd-law.com, miller@bnd-law.com |
| George Richard Hill | rich@mhseattle.com, IMorrison@mhseattle.com, laura@mhseattle.com |
| Ian Sterling Morrison | imorrison@mhseattle.com |
| Richard M Stephens | LHall@GSKlegal.pro, stephens@GSKlegal.pro |
| Robert Franklin Noe | bob@kenyondisend.com, bob.noelaw@gmail.com, kathy@kenyondisend.com, margaret@kenyondisend.com, mary@kenyondisend.com, Mike@kenyondisend.com, sheryl@kenyondisend.com |

_Lynn Michel_
Lynn Michel

PLAINTIFFS' EMERGENCY MOTION FOR RELIEF FROM DEADLINE AND FOR STAY (C14-1455RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2300
777 108th Avenue NE
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

DWT 27561651v1 0048172-000640